HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASSUREDPARTNERS OF WASHINGTON, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK ACARREGUI and ALLIANT INSURANCE SERVICES, INC.,<br><br>Defendants. | Case No. 2:20-cv-00290 BJR<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged that the producing party reasonably and in good faith believes contain: non-public marketing, technical, research, commercial, financial, or trade secret information that the producing party has maintained as confidential or secret; non-public customer information maintained by the producing party as confidential or secret; information prohibited from disclosure by statute or contract; personal identity information; or other information that, if disclosed, could be detrimental to that party's business or the business of any of that party's customers.

## 3. "ATTORNEYS' EYES ONLY" MATERIAL

"Attorneys' Eyes Only" material means information that the producing party reasonably and in good faith believes is of such a nature and character that disclosure of such information to the receiving party will be harmful to the producing party or to its business or will provide the receiving party a competitive advantage over the producing party, or is information that is so highly sensitive and private to individuals that disclosure of such information could be harmful to those individuals' personal lives.

## 4. SCOPE

The protections conferred by this agreement cover not only confidential and attorneys' eyes only material (as defined above), but also (1) any information copied or extracted from confidential or attorneys' eyes only material; (2) all copies, excerpts, summaries, or compilations of confidential or attorneys' eyes only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential or attorneys' eyes only material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or other lawful means.

## 5. ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL

5.1 <u>Basic Principles</u>. A receiving party may use confidential and attorneys' eyes only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and attorneys' eyes only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and attorneys' eyes only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Defendant Acarregui and the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is for Attorneys' Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    5.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any attorneys' eyes only material only to:

    (a)    the receiving party's outside counsel of record in this action as well as employees of such counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    (c)    the court, court personnel, and court reporters and their staff;

    (d)    copy or imaging services retained by counsel of record to assist in the duplication of attorneys' eyes only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any attorneys' eyes only material to third parties and to immediately return all originals and copies of any attorneys' eyes only material;

    (e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal attorneys' eyes only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) two designated in-house counsel personnel of Alliant and Assured.

5.4 <u>Filing Confidential and Attorneys' Eyes Only Material</u>. Before filing confidential or attorneys' eyes only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or attorneys' eyes only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential or attorneys' eyes only information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6. <u>DESIGNATING PROTECTED MATERIAL</u>

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. All business records produced by any party may be used only for purposes of this litigation, and may not be used or disclosed publicly except in relation to this lawsuit

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or phrase "ATTORNEYS' EYES ONLY" to each page that contains confidential material.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or phrase "ATTORNEYS' EYES ONLY."

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER
(NO. 2:20-cv-00290 BJR) - 6

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    7.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality or attorneys' eyes only at any time. Unless a prompt challenge to a designating party's confidentiality or attorneys' eyes only designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality or attorneys' eyes only designation by electing not to mount a challenge promptly after the original designation is disclosed.

    7.2 <u>Meet and Confer</u>. The parties (and non-parties, to the extent applicable) must make every attempt to resolve any dispute regarding confidential and attorneys' eyes only designations without court involvement. Any motion regarding confidential or attorneys' eyes only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    7.3 <u>Judicial Intervention</u>. If the parties (or non-parties, to the extent applicable) cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties (and non-parties, to the extent applicable) shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or attorneys' eyes only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or

agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. NO ADMISSION; NO PREJUDICE

Entering into this Stipulated Protective Order or agreeing to and/or producing or receiving Confidential or Attorneys' Eyes Only material or otherwise complying with the terms of this Stipulated Protective Order, shall not:

(a) prejudice in any way the rights of any party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

(b) operate as an admission by any party that any particular material, whether or not designated as Confidential or Attorneys' Eyes Only, contains or reflects trade secrets or any other type of confidential or proprietary information under the law;

(c) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only information;

(d) prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulated Protective Order;

(e) preclude any party from objecting to discovery that it believes to be otherwise improper; or

(f) operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or protection.

12. REMOVAL OF DESIGNATIONS FROM TRIAL EXHIBITS

Any documents labeled confidential or attorneys' eyes only pursuant to this Stipulated Protective Order shall have the label removed before such documents are shown to a jury as trial exhibits or submitted into evidence in connection with trial.

13. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 27, 2020

*/s/ Helen M. McFarland*
Helen M. McFarland, WSBA 51012
SEYFARTH SHAW LLP
800 5th Avenue, Suite 4100
Seattle, WA 98104
P: (206) 946-4910
F: (206) 260-8839
hmcfarland@seyfarth.com

J. Scott Humphrey (*pro hac vice*)
Besma Fakhri (*pro hac vice*)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
P: (312) 460-5000
F: (312) 460-7000
shumphrey@seyfarth.com
bfakhri@seyfarth.com

***Attorneys for Plaintiff AssuredPartners of Washington, LLC***

DATED: March 27, 2020

/s/ *Keith D. Petrak*
Keith D. Petrak, WSBA 19159
Jacob A. Zuniga, WSBA 48458
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
P: (206) 622-2000
F: (206) 622-2522
kpetrak@byrneskeller.com
jzuniga@byrneskeller.com

Debra L. Fischer (*pro hac vice*)
Adam E. Wagmeister (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
P: (310) 907-1000
debra.fischer@morganlewis.com
adam.wagmeister@morganlewis.com

***Attorneys for Defendants Mark Acarregui and Alliant Insurance Services, Inc.***

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 30th day of March, 2020.

*Barbara J. Rothstein*

The Honorable Barbara J. Rothstein
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington in the case of "*AssuredPartners of Washington, LLC v. Mark Acarregui and Alliant Insurance Services, Inc.*," Case No. 2:20-cv-00290 BJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____